PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. RAMÓN FERNÁNDEZ GONZÁLEZ, Defendant and Appellant.

No. 6227. Argued December 15, 1936.—Decided February 12, 1937.

Carlos D. Vázquez for appellant. R. A. Gómez, Prosecuting Attorney, and Luis Janer, Assistant Prosecuting Attorney, for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

The appellant was accused of murder, because he did unlawfully and wilfully, with malice aforethought and the firm and deliberate intention of killing, cause the death of Carlos del Toro, attacking him with a machete.

At the trial and before the jury chosen to hear the case, the defendant withdrew his plea of not guilty and pleaded guilty of voluntary homicide to which the district attorney agreed. As directed by the court, the jury returned a verdict finding the defendant guilty of voluntary homicide, and the court sentenced him to nine years in the penitentiary at hard labor. The defendant appealed, and assigns the following as the only error committed by the trial court:

"The District Court of San Juan abused its discretion in sentencing the defendant to nine years in the penitentiary for the crime of voluntary homicide, inasmuch as, since the defendant had pleaded guilty and no aggravating circumstance existed in the commission of the said crime, the said sentence is improper and excessive."

In support of his contention and of his prayer that the sentence appealed from be modified and reduced to two years in prison, the appellant cites the decisions of this Supreme Court in *People* v. *Laureano,* 34 P.R.R. 203, and *People* v. *Liceaga,* 36 P.R.R. 403.

In the first of the said cases, the defendant pleaded guilty of the same crime imputed to him in the information, that is, the crime of carrying forbidden weapons, and the district court imposed the maximum sentence provided by law, six months in jail. The sentence was modified and reduced to three months by the Supreme Court, which said:

"We have no evidence before us, because none was introduced, the defendant having pleaded guilty. We have only the information filed in the district court and the fact is that from it there appears nothing which tends to aggravate the offense committed. An ordinary act is charged and it is our opinion that in such a case the maximum penalty is not justified. A middle temperament should be adopted."

In *People* v. *Liceaga, supra,* the crime of which the defendant was accused was attempted burglary in the first degree, punishable by a maximum sentence of seven years and six months in the penitentiary. The defendant having pleaded

guilty of the crime of which he was accused, the court sentenced him to seven years in the penitentiary, which was reduced by this court to three years in the penitentiary, on the same grounds as in the case of *People* v. *Laureano, supra.*

There is a substantial difference between the two cases cited and the instant case. In each one of the former, the defendant pleaded guilty of the crime of which he was accused in the information, in which no aggravating circumstance whatever was alleged. In the instant case the information charges murder, punishable, in case the jury should classify it as first degree, by life imprisonment and if it should be classified as second degree by imprisonment in the penitentiary for not less than ten and not more than thirty years. The defendant did not plead guilty of the crime of murder. Faced with the risk of a conviction which could bring a minimum sentence of ten years or possibly life imprisonment, the defendant chose to plead guilty of the crime of homicide thereby protecting himself against a sentence of more than ten years.

The information in this case charges the defendant with the commission of a homicide, but it alleges in addition the aggravating circumstances that the defendant acted with malice aforethought and the firm and deliberate intention of killing his victim.

We do not believe, therefore, that the two cases cited by the appellant are applicable.

There exist in this case, however, special circumstances which incline us to exercise our discretion in the sense of modifying the judgment appealed from. The record shows that the defendant is a man of advanced age, 61 years old; that during all this time his conduct has been good and that he has never been either accused or convicted of any other crime. Under these circumstances the sentence of nine years in prison seems to us somewhat excessive and we have decided to modify it.

For the reasons stated, the sentence imposed on the appellant should be reduced to five years and thus modified the judgment is affirmed.

Mr. Chief Justice Del Toro and Mr. Justice Wolf took no part in the decision of this case.